L. A. CHOAT v. ALBERT H. BOYD et al.

No. 10585.

SET-OFF—*default judgment for conversion of property, rendered against an assignor on cross-petition by maker, in action by assignee on notes, not a set-off against notes.* In an action by an assignee of promissory notes transferred after maturity, against the makers, the assignor, on application of the makers, was made a defendant. Thereupon the makers set up a cause of action against the assignor for the conversion of property, and obtained judgment by default on their cross-petition against such assignor. *Held,* that the judgment so entered does not affect the plaintiff's rights in the action, and is not admissible as proof of the maker's right to set-off his cause of action against the assignor as a defense to the plaintiff's cause of action on the notes.

Error from Pawnee District Court. S. W. Vandivert, Judge. Opinion filed November 5, 1898. *Reversed.*

This action was instituted by L. A. Choat, as plaintiff, on the ninth of January, 1893, to recover judgment on two promissory notes executed by A. H. Boyd to the People's Bank of Larned, and afterwards assigned by the bank to the plaintiff. It was alleged in the petition that certain lands and personal property had been conveyed to the bank by Boyd and wife to secure his indebtedness to the bank, and that these notes were subsequently executed for the indebtedness, and the property was held by the bank as such security at the time of the assignment of the notes to the plaintiff. The petition concludes with a prayer for judgment for the balance due on the notes, that the deeds be declared mortgages, and the property sold to satisfy the debt. Copies of the deeds and bills of sale from Boyd to the bank, and also of a contract executed by G. A. Dunn, president of the bank, to reconvey the land and personal property to Boyd on payment of the sum of five thousand dollars are attached to the petition as exhibits.

On the eighteenth of March 1893, Boyd and wife filed an answer alleging the transfer by Boyd to the bank of a large amount of real and personal property to secure his indebtedness to it, and that the bank had converted all of the property to its own use prior to the transfer of the notes to the plaintiff. Thereupon the defendants moved the court to require the plaintiff to make the People's Bank of Larned and George A. Dunn parties defendant to the action. This motion was sustained. On the twenty-fifth of May, 1893, the plaintiff filed his amended petition adding the names of Dunn and the People's Bank as defendants. On the ninth of June Boyd and wife filed their cross-petition against Dunn and the People's Bank, alleging substantially the same conver-

sion of property by Dunn to the bank as charged in their original answer, and praying judgment against them for $10,000 and interest. On this cross-petition a summons was issued to the sheriff of Pawnee County for Dunn and the bank, requiring them to answer Boyd's cross-petition. This summons was returned by the sheriff as served on the People's Bank by delivering a copy to L. A. Choat, secretary; that he was unable to find the president or chairman of the board of directors in his county. Afterward Boyd filed his affidavit for publication against Dunn, alleging that he was a non-resident of the State, and a notice based thereon was duly published. On the nineteenth of September the plaintiff filed a reply to the answer of Boyd and wife denying generally its allegations. On the twenty-first of September L. A. Choat, the plaintiff, on whom service of the summons to the bank was served, made a special appearance by affidavit, denying that he was secretary of the bank at the time of the service on him, and asking that the service be set aside. On the same day the motion was heard and overruled. The plaintiff then asked that the hearing on the cross-petition be continued until he could obtain authority from the bank to enter its appearance and contest the cross-petition. This application was denied. Thereupon judgment was entered against the bank and Dunn by default for $10,000, the amount of damages claimed.

On the twelfth of December, 1893, Choat again appeared specially for the People's Bank, and filed what is termed a plea to the jurisdiction of the court over it in that case, and also a motion to set aside the judgment against the bank and all subsequent proceedings, supported by affidavit. On the fifth of March, 1894, the plea and motion came on to be heard. Thereupon the defendant objected to the hearing of

the motion, for the reason that A. B. Campbell, the attorney of the plaintiff, had no authority to appear for the People's Bank, and asked that he be sworn on their objection. This was done. Campbell then offered to introduce affidavits in support of his motion and plea. The defendants objected and their objection was sustained. The court then overruled the plea and motion. On the twenty-second of March, 1894, Boyd and wife filed a supplemental answer setting up the filing of their cross-petition against Dunn and the bank in this action and the judgment entered thereon as an adjudication and in bar of the plaintiff's right of recovery.

On the fourth of January, 1895, the plaintiff's action came on for trial. He introduced in evidence the notes sued on, with proof of their indorsement to him by Charles Moore, president of the bank, and that he paid for them the sum of one thousand dollars in cash to Moore on the eighteenth of September, 1891. After the plaintiff's testimony was concluded the defendant called the clerk of the court as a witness, and had him identify the files and journal entries made in the case, and offered in evidence the journal entry of the judgment rendered in favor of Boyd against the bank and the pleading and process on which it was based. The plaintiff then offered evidence in rebuttal attacking the validity of the service on himself, as secretary of the bank, and the defendants in turn offered evidence in support of the jurisdiction of the court. No other proof was introduced by Boyd tending to show a defense against the plaintiff's suit on the notes. The court rendered judgment on this testimony in favor of Boyd for costs and directing the surrender and cancellation of the notes, deeds, and bills of sale by the plaintiff to Boyd. To reverse this judgment the plaintiff files his petition in error in this court.

*J. W. Rose*, for plaintiff in error.

*C. N. Sterry* and *W. H. Vernon*, for defendants in error.

ALLEN, J.  This is a very strange case.  We do not deem it necessary to enter minutely into the many questions urged on our consideration.  It is apparent that by a most remarkable procedure the plaintiff has been denied any trial on the merits of his action.  It is at least very doubtful whether any valid reason existed for bringing in the People's Bank as a party. While Boyd had transferred his property to the bank by deeds and bills of sale, absolute in form, he had taken back a written contract to re-convey on the payment of his debt to the bank, so that the whole contract was in writing and a copy of the defeasance executed by the bank was attached to the plaintiff's petition.  It thus appeared in writing that the transfer of the property amounted to a mortgage, and there does not appear to be greater reason for bringing in the bank as assignor than there is in any other case of an assignment of paper secured by mortgage.

But assuming that the bank might properly be made a party, and that the court acquired jurisdiction by the service on Choat, the judgment entered in favor of Boyd on his cross-petition against the bank did not conclude Choat's rights and was no defense whatever to his action.  It was not claimed by Choat, nor alleged by Boyd, that he stood in the attitude of a purchaser of negotiable paper for value before maturity.  He bought the notes after they were due and took them subject to all defenses that Boyd could have made against the bank.  These defenses were available to Boyd without making the bank a party, to precisely the same extent as with it.  There was

no trial of Boyd's rights when the judgment was entered against the bank.   The record shows that it was entered by default and for the lump sum of damages claimed by the plaintiff.   No testimony was offered, although Boyd's claim was for unliquidated damages for the conversion of his property by the bank.   So that even as to the bank the judgment was at least irregularly and erroneously entered. When it was entered no issue between the plaintiff and Boyd was tried, determined, or affected.

At the trial of the main case Choat proved the execution and transfer of the notes to himself, and it was conceded that the deeds and bills of sale stood as security for the debt.   He therefore had established fully his cause of action.   Against this the defendant interposed nothing but the bare judgment taken by default against Dunn and the Bank.   This judgment, rendered as it was, neither proved nor tended to prove any defense against the plaintiff's claim.   The default of the bank, if it really was in default, amounted to nothing but an admission at that time of the averments of defendants' answer.   Nothing could be clearer than that the bank, years after the transfer of the paper to the plaintiff, and long after the institution of his suit to recover judgment on it, could not by any admission, declaration, or default, prejudice in any manner Choat's right of recovery.   On the testimony introduced Choat was entitled to the judgment he claimed, yet the trial court decreed the cancellation and return of all the papers that he held and charged him with the costs of the action.   This judgment cannot stand. ' It is reversed and the case remanded for a new trial.