## CHICKASHA LIGHT, HEAT & POWER CO. v. BEZDICHECK.

No. 2874.    Opinion Filed May 14, 1912.

Rehearing Denied October 1, 1912.

(126 Pac. 821.)

**APPEAL AND ERROR—Necessary Parties—Dismissal.** Same as that in Humphrey et al. v. Hunt, 9 Okla. 196, 59 Pac. 971.

(Syllabus by the Court.)

*Appeal from District Court, Grady County;*
*Frank M. Bailey, Judge.*

Action by Frank Bezdicheck against the Chickasha Light, Heat & Power Company and Don McGuire. Judgment for plaintiff against the Light, Heat & Power Company, and it appeals. Dismissed.

*Everest, Smith & Campbell* and *Bond & Melton,* for plaintiff in error.

*Barefoot & Carmichael* and *A. C. Cruce,* for defendant in error.

WILLIAMS, J. On August 27, 1910, the defendant in error, Frank Bezdicheck, as plaintiff, sued the plaintiff in error, the Chickasha Light, Heat & Power Company, and also Don McGuire, as defendants, in the district court of Grady county. After issue was joined a trial was had on January 27, 1911, be-

fore a jury, which, on January 28, 1911, returned the following verdict:

"We, the jury impaneled and sworn in the above-entitled cause, do upon our oaths find for the plaintiff and fix the amount of his recovery at $15,200 and against the defendant Light, Heat & Power Co., fifteen thousand and two hundred dollars."

On the 31st day of January, 1911, judgment was rendered on said verdict as follows:

"It is therefore considered, ordered, adjudged, and decreed by the court that said verdict is a verdict in favor of the defendant Don McGuire, and that the plaintiff have and take nothing in this action against said defendant Don McGuire, but that said defendant Don McGuire have and recover of and from said plaintiff all his costs in this behalf expended, for which let execution issue."

On January 27, 1911, the following judgment was also entered as to the defendant the Chickasha Light, Heat & Power Company:

"It is therefore considered, ordered, adjudged, and decreed that the plaintiff, Frank Bezdicheck, do have and recover of and from the defendant Chickasha Light, Heat & Power Company the sum of fifteen thousand two hundred dollars ($15,200.00), together with interest at the rate of six per cent. per annum from this date until paid, and all costs of this suit."

This identical question was passed on by this court in *K. C., M. & O. Ry. Co. v. Williams, ante,* 124 Pac. 63, on March 12, 1912, and the proceeding in error was dismissed on account of want of necessary parties plaintiff. The case principally relied on in dismissing said proceeding in error is that of *Humphrey et al. v. Hunt,* 9 Okla. 196, 59 Pac. 971. In the opinion the court said:

"This action was commenced in the district court of Kingfisher county by Maggie Hunt against Lewis Humphrey, Grant Humphrey, Joseph C. Post, Lewis Wolf, E. A. Davis, J. W. Watkins, Joseph H. Lowery, C. P. Blakely, and Fred Belt for $10,000 damages for the death of her husband, which plaintiff alleges was caused by the falling of a defective cotton gin building upon her husband, while the deceased was in the employ of the above-named defendants. A change of venue was granted, and the case removed to Grant county, where a trial by jury was had which resulted in a verdict and judgment for plaintiff for

$2,100 against Lewis Humphrey, Grant Humphrey, Lewis Wolf, E. A. Davis, J. W. Watkins, Joseph H. Lowery, and C. P. Blakely, and a verdict and judgment in favor of Fred Belt and against plaintiff. No verdict was rendered for or against J. C. Post. The defendants, against whom the judgment was rendered, appealed therefrom to this court. The plaintiff Maggie Hunt was the only party served with the case-made, and she has filed a motion to dismiss the appeal for the reason that all of the parties who would be affected by a reversal of the judgment were not served with the case-made, and are not made parties to the appeal. It is clear that Belt might be affected by a reversal of the judgment by which he was discharged from all liability to the plaintiff, and, if it should be vacated and set aside and a new trial granted, he would have to defend in another trial and take the chances of a verdict being rendered against him. If he had been made a party, he could urge any reason he may have why the judgment should stand; but from this record the ' law presumes that he has no knowledge of the pendency of this appeal, and he cannot, therefore, be expected to enter an appearance. In the case of *Gillette et al. v. Murphy et al.*, 7 Okla. 91, 54 Pac. 413, it was held, by implication, that if a party can, by a reversal or modification of the judgment appealed from, be in any way affected, he is a necessary party. This view is also supported by the following cases: *Norton v. Wood* [55 Kan. 559] 40 Pac. 911; *Bain v. Conn. Mut. Ins. Co.* [3 Kan. App. 346] 40 Pac. 817; *Denebiem et al. v. Wingate, Stone, Wells Mercantile Co.*, 51 Pac. 909; *Hyde Park Ins. Co. v. First Nat. Bank of Atchison* [56 Kan. 49] 42 Pac. 321; *Casey v. Oakes et al.* [13 Wash. 38] 42 Pac. 621; *McPherson v. Storch et al.* [49 Kan. 313] 30 Pac. 480; *Jackson County v. Bloomer* [28 Ore. 110] 41 Pac. 930; *McNeal v. Gossard Ins. Co. et al.*, 54 Pac. 1040; *Eaton et al. v. Mendenhall* [Kan.] 44 Pac. 683; *Bullock v. Taylor et al.* [112 Cal. 147] 44 Pac. 547. It might be argued that, inasmuch as Mrs. Hunt failed to appeal from the judgment in favor of Belt, it became final as to him. This, however, cannot be true. The plaintiff submitted the entire matter to the jury, and while she failed to recover a judgment against all of the parties whom she sued, she was satisfied with it because she failed to appeal. But the judgment was a joint judgment, and all of the parties affected thereby must be made parties and given an opportunity to be heard, or the judgment will not be disturbed. * * * In this case all of the necessary parties are not before this court. For the reasons herein stated, the appeal is hereby dismissed, at the cost of the appellant, and the case remanded to the lower court,

with direction that the judgment rendered by the district court be carried into execution."

If the case of *Humphrey et al. v. Hunt, supra,* is adhered to, this appeal must be dismissed. This case was decided by the Supreme Court of the territory of Oklahoma on November 7, 1899.

"A well-settled rule of practice, which has been silently acquiesced in, will not be set aside where it would probably cause great inconvenience and confusion in the practice, and where it can easily be changed by the Legislature, if there is any necessity therefor." (*Palmer v. Harris,* 23 Okla. 500, 101 Pac. 852, 138 Am. St. Rep. 822.)

Adjudications as to what are necessary parties in such cases having been made by the Supreme Court of the territory of Oklahoma, which have been followed and acquiesced in without dissent by the courts since that time, the rule of certainty in procedure prevents our adopting a contrary decision. This rule should be changed, but it must be done by legislative action. In *Richardson et vir v. Beidleman et al., ante,* 126 Pac. 816, this court said:

"The decision in *Barnes v. Lynch,* 9 Okla. 11 [59 Pac. 995], being made in 1899, we do not feel inclined to re-examine the same to determine whether it follows correctly the Kansas cases; for from that day until this neither the Supreme Court of the territory of Oklahoma nor this court has made any holding that militates against the same, so far as the facts in the record justified a holding, nor has there been any legislative action contrary thereto."

Under such rule, this proceeding in error must be dismissed.

TURNER, C. J., and HAYES, KANE, and DUNN, JJ., concur.