## CITY OF TULSA v. COPP.

No. 17697.    Opinion Filed Oct. 11, 1927.

(Syllabus.)

1. **Appeal and Error—Proceedings After Remand in Conformity to Appellate Decision—Defendant's Motion to Dismiss Properly Denied.**

Record examined, and held, under the record and circumstances of this cause, having in view the opinion of this court in reversing this cause, upon a former appeal, wherein it said: "This cause should be reversed and remanded, with directions to the trial court to vacate, set aside, and hold for naught, the judgment heretofore rendered, and to grant a new trial in the action, further proceedings to be in conformity with the views herein expressed," that the trial court rightly denied the motion of defendant to dismiss the cause by cirtue of the former judgment and holding of the trial court and the judgment and holding of the appellate court.

2. **Appeal and Error—Harmless Error in Overruling Demurrer.**

Although a demurrer may have been improperly overruled, yet, if the demurrant was not harmed by such ruling, judgment will not be reversed on account of the harmless error.

3. **Damages—Recovery for Tort—Allowance of Interest on Amount from Date of Injury.**

In an action to recover damages for injury to a brick building, necessitating the rebuilding of a certain wall and repair of a portion of the wall of such building, such injury being caused by the digging of a sewer ditch near the wall of plaintiff's building, held, that the court committed no error in instructing the jury, under the provisions of sections 5972 and 5973, C. O. S. 1921, that it was within the discretion of the jury to allow plaintiff interest upon such amount as it found for plaintiff, from the date they found he was entitled to recover.

Commissioners' Opinion, Division No. 1.

Error from District Court, Tulsa County; Z. I. J. Holt, Judge.

Action by William Copp against the City of Tulsa for damages. Judgment for plaintiff, and defendant appeals. Affirmed.

H. O. Bland, Harry S. Halley, H. M. Gray, and C. W. Harwood, for plaintiff in error.

Hulette F. Aby, William Tucker, and Frank Settle, for defendant in error.

LEACH, C.  This action was commenced in the district court of Tulsa county by defendant in error, William Copp, who will

hereinafter be referred to as plaintiff, against the plaintiff in error, the city of Tulsa, Okla., which will hereinafter be referred to as defendant, and against Comstock & Hansen, copartners, who will hereinafter be referred to as the contractors.

The action by plaintiff was to recover damages to a certain building. Such damages were alleged to have been brought about and occasioned by the digging of a ditch for a sewer on an adjoining lot to that on which plaintiff's building stood, and near the east wall of the building, which caused the wall to crack and necessitated the rebuilding of a wall and the repair of a portion of the wall of the building.

Upon the first trial of the cause verdict was rendered and judgment entered for plaintiff against the city of Tulsa, from which judgment the city, defendant, appealed, and this court, in an opinion reported at 106 Okla. 44, 234 Pac. 740, reversed the cause by reason of certain instructions erroneously given by the trial court, the substance of which was that the jury might return a verdict for or against the city and Comstock & Hansen, the contractors, without necessarily finding for or against both the city and the contractors, under which instruction the jury found against the city and for the contractors. The court further holding, in view of the pleadings and evidence, that the city was only liable in the cause as respondeat superior, and unless the contractors, the agents, were liable, the city would not be liable.

When the action was remanded to the trial court for further proceedings, the plaintiff dismissed his action as against the defendants Comstock & Hansen, contractors, and the defendant, the city of Tulsa, filed its motion to dismiss the cause on the ground that a prior judgment and verdict had been had and rendered in favor of the contractors, which constituted a release of the city of Tulsa as a defendant, which motion was overruled.

Thereafter, the plaintiff filed his amended petition, being largely in substance the same as his original petition, with the additional allegation and statement that the city, as a part of and in connection with its contract with the contractors, made certain plans, specifications, drawings, and directions for the direction and guidance of its servants and agents in the execution and performance of said sewer contract.

To which amended petition the city of

Tulsa filed its motion to strike, for the reason that the same was a departure from the cause of action originally contained in the petition; that it was a new, separate and distinct cause of action, and that said cause of action contained in the amended petition was barred by the statute of limitations, which motion was overruled, and the defendant filed its demurrer to the amended petition setting up in substance the same matters and grounds as set forth in its motion to dismiss, which demurrer was also overruled, and thereafter defendant filed its answer setting up and pleading the matters and things alleged and set forth in its motion and demurrer, together with other defenses, and plaintiff replied thereto.

Upon the issues joined a second trial of the cause was had before a jury, who returned a verdict in favor of plaintiff and against the defendant in the sum of $3,500, and judgment was rendered accordingly, and this cause is properly before this court for review on appeal by the defendant.

The defendant, in its petition in error, sets up numerous assignments of error, which are argued under three propositions, the first of which is:

"The trial court erred in overruling the defendant's motion to dismiss the action of the plaintiff."

Under this head the defendant urges and says that, since this court in the former appeal in this cause held, in view of the pleadings and evidence, that there was no liability upon the defendant except that as respondeat superior, and that since the verdict and judgment in the first trial was for the contractors, then there was no liability on the city, and that when the cause was reversed the trial court should have dismissed the action of the plaintiff, and in support of such contentions cites a number of decisions from this court and others, among such being the case of Doremus v. Root, 23 Wash. 710, 63 Pac. 572, 54 L. R. A. (N. S.) 649, which opinion would sustain the contention of the defendant here were it not for the fact that this court has heretofore held contrary to the Washington court as to necessary parties to an appeal. In the case of Doremus v. Root, supra, the court directed that judgment be entered for the appellant, the employee, without directing a further trial of the cause, but said in the body of the opinion:

"Were the judgment against Root void, or were it before us for review on this appeal, or on a separate appeal by the present respondent, we would have no hesitancy

in reversing both judgments and remanding the cause * * * on the whole of the issues."

From a reading of the opinion in the Doremus v. Root Case, supra, it appears the court there held that the judgment in favor of the agent was not appealed from, and that Root, the agent, was not before the appellate court, and therefore the court could render no judgment directing a retrial of the whole issues of the case.

It is asserted in brief of plaintiff, defendant in error here, that when this cause, the case at bar, was before this court on the former appeal, the question was raised on such appeal as to whether the contractors, Comstock & Hansen, defendants originally, were parties in such appeal, and that it was asserted by the defendant, plaintiff in error, in response to a motion to dismiss such appeal for want of proper parties, that the contractors were parties to the appeal. Such issue does not appear to have been mentioned in the former opinion, but it appears that the contractors were necessary parties in such appeal under the holding of this court in the following cases: Humphrey et al. v. Hunt, 9 Okla. 196, 59 Pac. 971; Chickasha L. H. & P. Co. v. Bezdicheck, 33 Okla. 688, 126 Pac. 821; C., R. I. & P. Ry. Co. v. Austin, 63 Okla. 169, 163 Pac. 517, and from a reading of the opinion in the former appeal it appears the court considered that the defendants, the contractors, were parties to such appeal, and that it was within its power and jurisdiction to set aside, and that it did set aside, the judgment of the trial court in its entirety, both as to the city and as to the contractors. In concluding the opinion in the former appeal the court said:

"Because of the error of the trial court in giving instructions Nos. 7 and 8, this cause should be reversed and remanded with directions to the trial court to vacate, set aside and hold for naught the judgment heretofore rendered, and to grant a new trial in the action, future proceedings to be in conformity with the views herein expressed."

In the case of C., R. I. & P. Ry. Co. v. Austin, 63 Okla. 169, 163 Pac. 517, a question largely similar to that involved here was raised by defendants and decided adversely to the contentions of the defendants there and defendant in the case at bar.

It appears reasonable that, had the court intended in its former decision to hold that no further trial might be had in the cause, then the judgment would have directed the trial court to enter judgment in favor of

the city or dismiss the action as against the city.

It appears the trial court took the proper view and construction of the former opinion rendered in this cause, and correctly held the city of Tulsa, defendant, was not entitled to have a dismissal of the action.

Defendant's second proposition is:

"The trial court erred in overruling defendant's demurrer to the amended petition of the plaintiff."

Under this head it is urged by defendant that the plaintiff, in his amended petition, set out a new cause of action from that originally involved, which new cause of action was barred by the statute of limitations.

From a reading of the original and amended petitions of plaintiff, it does not appear to us that a new and different cause of action is stated in the amended petition. True, reference therein is made to certain plans furnished by the city under which the work by the contractors was carried on, which reference to plans was not incorporated in or a part of the original petition. However, it does not appear that such new allegation pleaded a new or different cause of action. It appears the amendment came within the provision of section 318, C. O. S. 1921, which reads:

"318. Amendment of Formal Defects. The court may, before or after judgment, in furtherance of justice, and on such terms as may be proper, amend any pleading, process or proceeding by adding or striking out the name of any party, or correcting a mistake in the name of a party, or a mistake in any other respect, or by inserting other allegations material to the case, or conform the pleading or proceeding to the facts proved, when such amendment does not change substantially the claim or defense; and when any proceeding fails to conform, in any respect, to the provisions of this code, the court may permit the same to be made conformable thereto by amendment."

Assuming, without so deciding, that that part of the amended petition alleging and making reference to certain plans submitted by the city have the effect of stating a new or different cause of action than that originally pleaded, it does not appear the defendant was prejudiced thereby, and if the demurrer by defendant was wrongfully overruled as to that particular part and portion of the amended petition, then such defect and error was cured by reason of the fact that the trial court, in his instruction No. 10, instructed the jury that the plaintiff could not recover for any damages, if any, that may have been sustained by his property because of defects in the plans for the construction of the sewer, which instruction is apparently the same as defendant's requested instruction No. 2.

Plaintiff, defendant in error here, asserts that no testimony or other evidence was introduced relating to any defect in the plans and specifications, which we assume to be correct, although we have not examined the record fully on this particular point.

"Although a demurrer may have been improperly overruled, yet, if the demurrant was not harmed by such ruling, judgment will not be reversed on account of the harmless error." Mullen v. Thaxton, 24 Okla. 643, 104 Pac. 359.

"Where a petition contains a misjoinder of parties and causes, and demurrer thereto is overruled, and issue is joined on a single cause against one of the defendants, the other causes being abandoned, the error in overruling the demurrer is harmless." Lindley v. Kelly, 47 Okla. 328, 147 Pac 1015.

See, also, First State Bank of Keota v. Bridges, 39 Okla. 355, 135 Pac. 378; Fulsom-Morris Coal & Mining Co. v. Mitchell, 37 Okla. 575, 132 Pac. 1103; Midland Valley R. Co. v. Rippe, 61 Okla. 314, 161 Pac. 233.

We conclude therefore that the defendant was not deprived of any substantial right, and that the court did not commit any reversible error in the ruling on defendant's demurrer to the amended petition.

Defendant's last proposition is: "That the court erred in giving instruction No. 12." which instruction informed the jury that, in the event they found for the plaintiff, they, the jury, had the discretion to allow the plaintiff six per cent. interest on the amount found due, if they desired, from the date they found plaintiff was entitled to recover.

The verdict of the jury does not specifically show that interest was awarded the plaintiff, no reference therein being made as to interest, but under the ruling of this court in the case of Blackwell, E. & S. W. Ry. Co. et al. v. Bebout, 19 Okla. 63, 91 Pac. 877, and McEachin v. Kinkaid, 99 Okla. 123, 225 Pac. 951, the presumption would be that the jury, having such authority, did allow interest.

Defendant says this was a suit to recover damages, and it was necessary to have a verdict in order to ascertain what the amount of the recovery would be; that it is a well-settled rule of law in this jurisdiction, that interest cannot be recovered upon unliquidated damages where it is nec-

essary for judgment on a verdict in order to ascertain the amount, and cites decisions of this court in support of this contention, the principal one of which is the case of City of Chickasha v. Hollingsworth, 56 Okla. 341, 155 Pac. 859. The later cases cited by defendant are based upon and quote the City of Chickasha v. Hollingsworth Case, in support of their holding, without, apparently, giving any reason for the rule except the prior holding.

Section 5972, C. O. S. 1921, provides:

"Interest upon Damages. Any person who is entitled to recover damages certain, or capable of being made certain by calculation, and the right to recover which is vested in him upon a particular day, is entitled also to recover interest thereon from that day, except during such time as the debtor is prevented by law, or by the act of the creditor from paying the debt."

Section 5973, C. O. S. 1921, provides:

"Jury May Allow Interest. In an action for the breach of an obligation not arising from contract, and in every case of oppression, fraud, or malice, interest may be given in the discretion of the jury."

Section 5996, C. O. S. 1921, provides:

"Obligation not Arising from Contract. For the breach of an obligation not arising from contract, the measure of damages, except where otherwise expressly provided by this chapter, is the amount which will compensate for all detriment proximately caused thereby, whether it could have been anticipated or not."

This court in the case of City of Oklahoma City v. Hoke, 75 Okla. 211, 182 Pac. 692, the same being an action to recover damages against the city for destruction of crops, held that interest might be recovered prior to date of judgment on the amount found due plaintiff.

It is stated by defendant that the right to recover interest in the above case, Oklahoma City v. Hoke, supra, was based upon a theory of damages which were caused in a way by a nuisance rather than on the theory that the court will allow interest on unliquidated claims. This court in the opinion had in mind the provisions of our statute relating to interest herein quoted, and its attention had also been called to the City of Chickasha v. Hollingsworth Case, supra, because the statutes relating to interest and the said case were referred to in the opinion.

The court in the Chickasha v. Hollingsworth Case, supra, apparently based its holding as to interest upon the reasoning set forth in a number of opinions cited from courts of other states, principally California, in which quoted opinions the following expression are frequently used:

"The damages in such cases are an uncertain quantity, depending upon no fixed standard, are referred to the wise discretion of a jury, and can never be made certain except by accord or verdict."

"His services, and the material furnished by him, were uncertain as to amount, character, value, and time of payment. * * * They were not of the character to have a fixed or ascertainable market value. They could not be ascertained by computation either in extent or value."

It would appear that the proper test to be applied as to whether interest should be allowed before judgment in a given case is not whether the damages are unliquidated or otherwise, but whether the injury and consequent damages are complete and not continuing, and can or must be ascertained of a particular time, in accordance with fixed rules of evidence and known standards of value, which the court or jury must follow in fixing the amount, rather than be guided by their own opinion or best judgment in assessing the amount to be allowed for past as well as for future injuries, or for elements that cannot be measured by any fixed standard of value.

In the case at bar it would appear that the jury, in arriving at a verdict, based the amount of recovery not upon their personal experience and knowledge, but rather upon fixed standards of costs and value; that the time from which recovery might be had was the date of injury. Under present day methods of engineering, construction and standards of value and cost, it would be as possible to ascertain the approximate and reasonable cost of the construction or repair of a building of the character involved in this action, as it would be to ascertain the value of personal property having a fixed or market value, such cost being arrived at by computation of cost of material, labor, and other well-known elements of cost.

In view of the nature of this action, and in the light of the provisions of our statute relating to interest and damages, it appears that the trial court rightly submitted the question of interest to the discretion of the jury.

We conclude that the judgment should be, and is hereby affirmed.

BENNETT, JEFFREY, REID, and FOSTER, Commissioners, concur.

By the Court: It is so ordered.

Note.—See under (1) 4 C. J. p.1231, §3287 (Anno). (2) 4 C. J. p.936, §2909 (Anno); p.936, §2910; 2 R. C. L. p. 245; 1 R. C. L. Supp. p.472; 4 R. C. L. Supp. p. 97: 5 R. C. L. Supp. p. 87. (3) 17 C. J. p.826, §147; 8 R. C L. p. 538; 4 R. C. L. Supp. p. 561,