[L. A. No. 917. Department One.—November 19, 1900.]

MINNIE J. EACHUS et al., Respondents, v. CITY OF LOS ANGELES, Appellant.

CONSTITUTIONAL LAW—DAMAGE TO PRIVATE PROPERTY—LIABILITY OF CITY—EXCAVATION OF STREET TO OFFICIAL GRADE.—Under section 14 of article I of the constitution of 1879, private property cannot be damaged for public use without just compensation; and a city is liable thereunder for damage caused to the owner of an abutting lot by excavating the street in front thereof, in pursuance of a contract let by the city for that purpose.

ID.—ACTION FOR DAMAGES—CONSTRUCTION OF PLEADING—DEPRIVATION OF ACCESS—DESTRUCTION OF VALUE—UNCERTAINTY—WAIVER.—In an action by the owner of a lot abutting upon a street and alley for damage caused by the city in grading, a complaint averring that the grading "rendered access to plaintiff's said property by said street and alley impossible, and utterly destroyed the value thereof," is to be liberally construed as imparting de-

struction of the value of the property, and not merely of the value of the access; and any uncertainty in the complaint was waived by failure to demur specially thereto.

ID.—ANSWER—MOTION TO STRIKE OUT EVIDENCE—OBJECTION TO COMPLAINT AT TRIAL.—Where the city in its answer took issue upon the destruction of the value of the property, a motion to strike out all evidence tending to prove damage to the lot other than by cutting off access thereto, on the ground that the complaint did not allege any other damage, was properly denied. On the trial no objection to the complaint can be considered, unless it goes to the want of jurisdiction, or to the insufficiency of the complaint to state a cause of action.

APPEAL from a judgment of the Superior Court of Los Angeles County and from an order denying a new trial. J. W. Mahon, Judge presiding.

The facts are stated in the opinion.

Walter F. Haas, City Attorney, for Appellant. .

The complaint must be construed most strongly against the pleader. (*Rogers v. Shannon*, 52 Cal. 99; *Collins v. Townsend*, 58 Cal. 608; *Hays v. Steiger*, 76 Cal. 560; *People v. Wong Wang*, 92 Cal. 277; *Triscony v. Orr*, 49 Cal. 612; *Callahan v. Loughran*, 102 Cal. 476; *Rogers v. Kimball*, 121 Cal. 247.) The facts upon which plaintiff relies for recovery must be clearly stated and not be left to inference. (*Moore v. Besse*, 30 Cal. 572; *Gates v. Lane*, 44 Cal. 397; *Stringer v. Davis*, 30 Cal. 318; *Burkett v. Griffith*, 90 Cal. 541.[1]) A complaint can only be aided by affirmative averments in the answer, and not by mere denials. (*Shively v. Semi-Tropic Land etc. Co.*, 99 Cal. 259; *Cohen v. Knox*, 90 Cal. 275; *Schenck v. Hartford Ins. Co.*, 71 Cal. 28; *Daggett v. Gray*, 110 Cal. 169.) The city is not liable for acts done by it as the agent for the public in passing an ordinance establishing an official grade, and directing grading to be done in accordance therewith. (*Eachus v. Los Angeles Electric Ry. Co.*, 103 Cal. 618[2]; *Bancroft v. San Diego*, 120 Cal. 432.) The contractor is not an agent of the city, and he is answerable for any resulting damage when he takes the contract. (*Cole-*

---

[1] 25 Am. St. Rep. 151.     [2] 42 Am. St. Rep. 149.

*grove v. Smith,* 102 Cal. 223; *Sievers v. San Francisco,* 115 Cal. 648.[3])

E. Edgar Galbreth, and D. C. Morrison, for Respondents.

In this state, under the constitution of 1879, and in all other states, which have similar constitutional provisions, cities are liable for any damage to private property sustained by the grading of a street. (Const., art. I, sec. 14; *Reardon v. San Francisco,* 66 Cal. 506[4]; *Bigelow v. Los Angeles,* 85 Cal. 618; *Eachus v. Los Angeles etc. Ry. Co.,* 103 Cal. 614[5]; *Atlanta v. Green,* 67 Ga. 386; *Moore v. Atlanta,* 70 Ga. 614; *Shawneetown v. Mason,* 82 Ill. 342[6]; *Elgin v. Eaton,* 83 Ill. 535[7]; *Rigney v. Chicago,* 102 Ill. 64-80; *Chicago v. Taylor,* 125 U. S. 161; *Foster v. St. Louis,* 71 Mo. 157; *Werth v. Springfield,* 78 Mo. 107; *New Brighton v. United Presby. Church,* 96 Pa. St. 331; *Hendrick's Appeal,* 103 Pa. St. 358; *Sheehy v. Kansas City Cable Ry. Co.,* 94 Mo. 574.[8]) Plaintiff was entitled under the complaint to recover the entire damages sustained to the house and lot by reason of making the excavation in the street. (*Eachus v. Los Angeles etc. Ry. Co., supra; Lake Erie etc. R. R. Co. v. Scott,* 132 Ill. 429; *Denver v. Bayer,* 7 Colo. 113.)

COOPER, C.—This appeal is from a judgment in favor of plaintiffs and from an order denying defendant a new trial.

The action was brought to recover damages caused by the excavation of First street in front of plaintiffs' lot. Plaintiffs were the owners of a lot in the city of Los Angeles, bounded on the east by Boylston street, on the west by an alley, and on the south by First street, said lot being a rectangle fifty feet wide by one hundred and forty-two feet long running lengthwise along the north side of First street. The defendant, by ordinance duly adopted, established the grade of said First street some twenty-eight feet lower than the surface of plaintiffs' lot, and in pursuance of said ordinance proceeded to and did excavate said First street and remove the earth therefrom to the official grade, and up to

---

3 56 Am. St. Rep. 153.          6 25 Am. Rep. 321.
4 56 Am. Rep. 109.              7 25 Am. Rep. 412.
5 42 Am. St. Rep. 149.          8 4 Am. St. Rep. 396.

the south line of plaintiffs' lot, the full length thereof.   The grading of said street resulted in leaving the plaintiffs' lot on the north side of said street some twenty-eight feet above the official grade, thus cutting off plaintiffs' access to their said lot and tending to depreciate the value thereof.   The court found the plaintiffs' damage to be twelve hundred dollars.

It is claimed that the city, as a municipal corporation, is not liable to the owners of adjoining lots by reason of the excavation of the public streets of the city to the official grade.   This, no doubt, was the rule under the former constitution of 1849, article I, section 8—"nor shall private property be taken for public use without just compensation."   In 1879 the present constitution was adopted by the people and the provision was changed so as to read, "private property shall not be taken or damaged for public use without just compensation having been first made or paid into court for the owner."   (Const., art. I, sec. 14.)   Under the above provision of our fundamental law it has been settled in this state—and in accord with the great weight of authority in other states under similar constitutional provisions—that the municipality is liable for damage caused to the owner of an abutting lot by excavating a street in front thereof.   (*Eachus v. Los Angeles etc. Ry. Co.*, 103 Cal. 614.[9])   In the Eachus case the authorities are reviewed at length and the reasons for the rule stated, and we deem it unnecessary to repeat them here.   The remedy is not against the contractor unless he departs from the line of the official grade.   The city, in the establishment of the official grade of a public street and in excavating and grading the street to the official grade, acts through its legally elected and qualified officers.   When it lets a contract for the grading of the streets, which it had the authority and power to let, it assumes the responsibility of paying all damages necessarily caused to private property by such grading.   If the contractor should, of his own volition, go beyond his contract, either in the width or depth of the grade, or perhaps in other respects, the rule would be different.

Defendant made a motion to strike out all the evidence of plaintiffs tending to prove damages to the lot from any other cause or reason than by cutting off the access thereto.   This

[9] 42 Am. St. Rep. 149.

motion was denied, and defendant now claims that such ruling was error. Defendant's contention is that the complaint does not allege damage in any other manner or way than that the grading rendered the street impassable and cut off access to plaintiffs' property. We do not think the complaint susceptible of such narrow construction. It alleges that the grading "rendered the said Boylston street and said alley useless and impassable and rendered access to plaintiffs' said property by said street and alley impossible, and utterly destroyed the value thereof, to the damage of plaintiffs in the sum of three thousand dollars." The words "value thereof" were evidently intended by the pleader to refer to the antecedent property. The most that can be said is that the sentence is somewhat ambiguous. This could have been reached by special demurrer, but no special demurrer was interposed, and we think the pleading sufficient as the record appears. The only demurrer was a general one, and upon this being overruled the defendant answered. In the answer defendant denied "that it utterly destroyed the value of either said property or said alley or streets, or either of them, either to plaintiffs' damage in the sum of three thousand dollars, or any damage, or at all, . . . . or that it damaged plaintiffs' property, or any property, or the property in said complaint described, either in the sum of three thousand dollars, or in any other sum, or at all." It thus appears that the defendant did not raise the point by demurrer as to the ambiguity of the complaint. That it understood the complaint to allege that the value of the property was destroyed, when it denied in its answer that it destroyed the value. Pleadings under our system must be liberally construed with a view to substantial justice between the parties. (Code Civ. Proc., sec. 452.)

It is the duty of the court at every stage of the proceedings to disregard any defect in the pleadings which in the opinion of the court does not affect the substantial rights of the parties. (Code Civ. Proc., sec. 475.) If a complaint is defective in form and not in substance, such defect can be reached only by special demurrer that the complaint is ambiguous or uncertain. (*Merritt v. Glidden*, 39 Cal. 564.[10]) On the trial no objection

---

[10] 2 Am. Rep. 479.

to the complaint is open to inquiry except the want of jurisdiction, or that it does not state facts sufficient to constitute a cause of action. (*Tennant v. Pfisler*, 45 Cal. 272.)

It follows that the judgment and order should be affirmed.

Haynes, C., and Chipman, C., concurred.

For the reasons given in the foregoing opinion the judgment and order are affirmed.

Harrison, J., Van Dyke, J., Garoutte, J.