[Civ. No. 111.    Second Appellate District.—February 5, 1906.]

SOUTHERN PACIFIC RAILROAD COMPANY, Respondent, v. ALICE McCURDY HART, et al., Appellants.

EMINENT DOMAIN—RAILROAD—CONDEMNATION OF PART OF CITY BLOCK —DAMAGE TO LAND NOT TAKEN.—In an action by a railroad company to condemn a triangular piece of land forming part of a quarter of a city block owned by the defendants, which had never been subdivided into lots, the defendants are entitled, under subdivision 2 of section 1248 of the Code of Civil Procedure, to compensation for the damage to the balance of the quarter block not taken, and an instruction limiting the compensation to the damage to a particular lot or lots into which the tract might most profitably be subdivided, is erroneous.

ID.—CROSSING OF ADJOINING STREET.—In such action the defendants are entitled to recover compensation for the damages to their land by reason of the proposed construction of the plaintiff's railroad across a city street on which their land abutted.

APPEAL from an order of the Superior Court of Santa Barbara County refusing a new trial.  J. W. Taggart, Judge.

The facts are stated in the opinion of the court.

C. F. Carrier. and Richards & Carrier, for Appellants.

H. P. Starbuck, and Canfield & Starbuck, for Respondent.

SMITH, J.—This is a proceeding to condemn a piece of land of the defendants constituting part of a quarter block of land in the city of Santa Barbara, bounded on the northwest by Mason and on the southwest by Anacapa street. The diag-

onals of the block lie north and south and east and west. The land sought to be condemned is a small triangular piece taken from the north corner of the defendants' land. On the trial the witness Spader, called by the defendants as an expert witness, testified that the value of the property fronting on Mason street was about $12 a front foot; and he further testified, in effect, that the only way to subdivide the block for residence purposes would be to lay off two lots of fifty-foot front on Mason street, extending through the tract, and to subdivide the balance of the quarter block into three lots of fifty and one of seventy-five feet fronting on Anacapa street; that, after the taking of the land sought to be condemned, the block could be subdivided only into the four lots fronting on Anacapa street; that in the former case the land would be worth $4,500 and in the latter $3,500 only; and that the balance of the land not taken by the plaintiff would thus be diminished in value $1,000. Other witnesses of the defendants testified, in effect, that the defendants' land was best adapted for subdivision for small residences, and they also testified generally "as to the value of the piece taken and to the damage to the part not taken." On the other hand, the plaintiff introduced testimony to the effect that the quarter block could be more advantageously subdivided by opening a street through the block between the quarter block in question and the quarter block lying to the northeast of it, half of the street to be taken from the land of the defendants and half from other parties.

On this evidence (which is all that is material to this appeal) the jury were rightly instructed, at the instance of the defendants, that they were to determine in this case "the value of the property taken by the railroad and the damage to the remainder of the property owned by the defendants." But at the instance of the plaintiff the jury were instructed: "If you believe that there is a preponderance of evidence that the defendants' land can be more profitably used for residence than business property, then you must determine upon the evidence the size, shape and arrangement of the lots into which it may most profitably be divided for that purpose, and then, after finding the market value of the part or parts taken from any such lot or lots, you must find the damage to the remainder or remainders of this lot or these lots caused

by the severance of this part or these parts and the construction of the railroad thereon. You cannot in such case find any damage to any other lot or lots of which no part is taken.'' This instruction was excepted to by the defendants, and, notwithstanding the explanation of respondent's counsel, we can conceive of no principle upon which it can be justified. The land taken formed "only a part of a larger parcel," namely, the whole quarter block owned by the defendants, which had not been subdivided by them, and the easement in the street thereunto appertaining. Hence the only rule applicable to the case as to the damage to the balance of the parcel of land not taken by the plaintiff is that given in subdivision 2 of section 1248 of the Code of Civil Procedure. The instruction is also open to the objection that it, in effect, instructed the jury to disregard the evidence of witnesses testifying generally "as to the value of the piece taken and the damage to the part not taken.'' This conclusion will necessitate a reversal of the order appealed from.

But there is another question involved, which it will be necessary to consider with a view to the further proceedings in the case. This relates to the claim of the defendants for damages to their land by reason of the proposed construction of plaintiff's railroad across Mason street, as to which evidence offered by defendants was excluded. This evidence, we think, was admissible under the express provisions of the statute, which provides not only for the damages to the land not taken "by reason of its severance from the portion sought to be condemned,'' but also for damages to it by reason "of the construction of the improvement in the manner proposed by the plaintiff.'' (Code Civ. Proc., sec. 1248, subd. 2; *Eachus* v. *Los Angeles Ry. Co.,* 103 Cal. 614, [42 Am. St. Rep. 149, 37 Pac. 750] ; *Eachus* v. *Los Angeles,* 130 Cal. 492, [80 Am. St. Rep. 147, 62 Pac. 829].)

The order of the court denying the defendants' motion for a new trial is reversed.

Gray, P. J., and Allen, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on April 4, 1906.