[Civ. No. 2296.   First Appellate District.—February 25, 1918.]

MARTHA PARTRIDGE (a Widow), Respondent, v. THE CITY OF RICHMOND (a Municipal Corporation), Appellant.

MUNICIPAL CORPORATIONS—ESTABLISHMENT OF GRADE OF STREET—DAMAGE TO PROPERTY OWNER—LIABILITY OF CITY.—The owner of a lot fronting on a city street is entitled to recover damages against the city for injury to the lot in bringing the street to the official grade established after the acquisition of the lot, although when her grantor dedicated the street as a public street, he knew that its natural grade was so steep as to render it impracticable and inaccessible to teams and vehicles, since neither the city nor such grantor could have known at the time of dedication, nor could his successor have known at the time of purchase, what grading would be necessary to make the street reasonably fit for the public use for which it was intended.

ID.—ACCEPTANCE OF DEDICATED STREETS—BURDENS OF MUNICIPALITY.— A city is not compelled to accept dedication of a street by a private owner, and if it does so it takes the advantages yoked with the burdens.

APPEAL from a judgment of the Superior Court of Contra Costa County.   A. B. McKenzie, Judge.

The facts are stated in the opinion of the court.

D. J. Hall, for Appellant.

Dunn, White & Aiken, and Donald Horne, for Respondent.

BEASLY, J., *pro tem.*—The plaintiff owned a lot fronting on Montana Street in the city of Richmond.   Her grantor had dedicated Montana Street in front of this lot as a public street, and the dedication had been accepted by the city of Richmond.   At the time of the dedication no official grade had been established on this street.   After the plaintiff had acquired the lot and built a house thereon the city of Richmond established an official grade and graded the street to it, and, as the jury found, this resulted in damage to plaintiff's said property in the sum of five hundred dollars.

The grade established being unquestionably reasonable and necessary to make the street available for the purpose for which it was dedicated, it is contended that the plaintiff is not entitled to recover damages for the bringing of the street to the first official grade.

The point is decided in *Eachus* v. *City of Los Angeles,* 130 Cal. 492, [80 Am. St. Rep. 147, 62 Pac. 829], and *Eachus* v. *Los Angeles Ry. Co.,* 103 Cal. 614, [42 Am. St. Rep. 149, 37 Pac. 750], unless the plaintiff is estopped from claiming damages by reason of the fact that her grantor dedicated the street.   The appellant argues that respondent's grantor made this dedication knowing that the natural grade of Montana Street was, by reason of steepness, impracticable and inaccessible to teams and vehicles, and that plaintiff and her grantor knew at all times before the actual grading was ordered that it was necessary to grade the street to the official grade in order to make it accessible for the purpose for which it was dedicated.   But this is not so, for neither the city nor plaintiff's grantor could know at the time of the dedication of the street, nor could the plaintiff know at the time of her purchase and the erection of her house, what grading would be necessary to make the street reasonably fit for the public use for which it was intended.   In these days of changing

methods of constructing and grading streets no one may fore-
cast the future grade of a public street, or the amount of in-
jury which will be done to property by the establishment of
the first official grade thereon. The city was not compelled
to accept the dedication of this street; and if it did so it took
the advantages yoked with the burdens.

There is nothing contrary to this view in *Bancroft* v. *City
of San Diego,* 120 Cal. 432, [52 Pac. 712].

The evidence sustains the finding of five hundred dollars'
damages.

The judgment is affirmed.

Lennon, P. J., and Kerrigan, J., concurred.

A petition to have the cause heard in the supreme court,
after judgment in the district court of appeal, was denied by
the supreme court on April 25, 1918.