[Civ. No. 4465. First Appellate District, Division One.—April 27, 1923.]

EDITH F. WRIGHT, Respondent, v. CITY OF OAK-LAND (a Municipal Corporation), Appellant.

[1] STREET LAW—GRADING OF STREET—DAMAGE TO ABUTTING PROPERTY—RIGHT TO COMPENSATION—AGREEMENT WITH CONTRACTORS CONCERNING REMOVED EARTH—EFFECT OF.—A property owner who was without knowledge of the actual performance of street-grading work in front of her property until it was practically completed and who at no time acquiesced or consented to the doing of the work did not waive her right to claim compensation for damages for injuries to her property by subsequently entering into an agreement with the contractors for the placing of the earth removed from in front of her property on an adjacent lot owned by her and for the removal of a bank of earth from such property to such adjacent lot.

APPEAL from a judgment of the Superior Court of Contra Costa County. R. H. Latimer, Judge. Affirmed.

The facts are stated in the opinion of the court.

Leon E. Gray and Markell C. Baer for Appellant.

F. E. Boland, C. Irving Wright and John Douglas Short for Respondent.

ST. SURE, J.—This case is almost identical with that of *Rockridge Place Co.* v. *City of Oakland,* 61 Cal. App. 791 [216 Pac. 64]. The cases were tried together upon substantially the same facts, and both involve the same points of law.

The court gave plaintiff judgment against defendant in the sum of two thousand dollars. As in the companion case, the appeal comes up on the judgment-roll alone.

[1] In this case, however, the trial court found facts additional to those narrated in the Rockridge Company case. It found that plaintiff did not in fact know of the actual performance of the work until it was practically completed; that at the time plaintiff first saw the work there remained only a small portion of the grading and surfacing to be performed; that plaintiff did at no time acquiesce or consent to the doing of the work at all; that subsequent to this time plaintiff entered into a contract with the contractors who were engaged in lowering the grade adjacent to her property whereby the contractors agreed to place the earth so removed on an adjacent lot belonging to plaintiff, and also to remove a certain bank of earth from her property; that in consideration of this agreement plaintiff waived all right that she might have to enjoin either the said contractors or the City of Oakland from proceeding or completing the work; that in pursuance of said contract said earth, both that excavated from Broadway and that excavated from plaintiff's lot, was removed to the adjacent lot and there used to fill and raise its level; that said contract was entered into at the suggestion and for the convenience of the contractors, as well as for the convenience of plaintiff in leveling her adjacent property.

Defendant urges that the agreement between plaintiff and the contractors regarding the removal of the earth from her property shows acquiescence and is an additional reason why the doctrine of estoppel should apply against her. We think that these last-mentioned additional facts would seem rather to strengthen than to weaken plaintiff's case. A discussion of them would be mere reiteration.

Upon the authority of *Rockridge Place Co.* v. *City of Oakland, supra,* the judgment is affirmed.

Tyler, P. J., and Richards, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on June 25, 1923.

All the Justices present concurred.