[Civ. No. 4465. First Appellate District, Division One.—April 27, 1923.]

ROCKRIDGE PLACE COMPANY (a Corporation), Respondent, v. CITY OF OAKLAND (a Municipal Corporation), Appellant.

[1] STREET LAW—GRADING OF STREET—DAMAGE TO ABUTTING PROPERTY —RIGHT TO COMPENSATION—JOINDER IN PETITION FOR WORK—EFFECT OF—CONSTITUTIONAL LAW.—In view of article I of section 14 of the constitution, which provides that private property shall not be taken or damaged for public use without just compensation having been first made or paid into court for the owner, a property owner by joining in a written petition to the city council requesting it to grade a public street abutting on his property to the official grade does not thereby waive his rights or estop himself from claiming compensation for the damage to his property caused by the grading.

[2] ID. — INJURY TO ABUTTING PROPERTY — REMEDIES OF OWNER. — A party whose property is damaged by the grading of a street abutting thereon has a right either to enjoin or to sue for damages, and his failure to avail himself of one of the rights has no effect upon his pursuit of the other.

[3] ESTOPPEL—DAMAGES TO PROPERTY—CONSTITUTIONAL LAW.—An estoppel does not exist where the property owner seeks enforcement of the constitutional right to recover damages to his property.

APPEAL from a judgment of the Superior Court of Contra Costa County. R. H. Latimer, Judge. Affirmed.

The facts are stated in the opinion of the court.

Leon E. Gray and Markell C. Baer for Appellant.

F. E. Boland, C. Irving Wright and John Douglas Short for Respondent.

ST. SURE, J.—In 1913 the city council of Oakland changed and re-established the official grade and width of the sidewalks on Broadway under the Change of Grade Act of 1909. (Stats. 1909, p. 1018.) The council, pursuant to

---

1. Joinder in petition for change of street grade as waiver of or estoppel to claim compensation for damage to property resulting therefrom, note, 20 **Ann. Cas.** 876.

proper legal proceedings, officially changed and re-established the grade to a depth of nearly thirty feet lower than it had formerly been opposite the plaintiff's property at the crest of the Broadway hill. On June 13, 1914, the plaintiff, along with a majority of other owners of property fronting on Broadway Street, between Ocean View Drive on the south and Temescal Creek on the north, signed and presented a petition to the council requesting the improvement of Broadway by grading it to the official grade, preparatory to later curbing and guttering the street and paving it with oil macadam and constructing a culvert in Temescal Creek. Following the filing of this petition and on November 30, 1914, the City of Oakland adopted an ordinance lowering further the grade on Broadway and naming a street called Patton Street and establishing grades on Patton Street. Thereafter, the city council, in accordance with the Improvement Act of 1911 (Stats. 1911, p. 730), adopted the plans of the city engineer, passed its resolution of intention to grade Broadway, from Ocean View Drive to Patton Street, which lies close by Temescal Creek. Said resolution was published and posted in the manner provided by law. No protests were filed. On January 11, 1915, the city council passed its resolution ordering the work. The notice of award was published, but again no protests. The contractors entered upon their work and lowered the grade of Broadway and paved the street to conform to the official grade. During this time the plaintiff, the court found, was cognizant of the performance of the work but at no time acquiesced or consented to the doing thereof. The facts above set forth are taken from the findings of the trial court. No contention is made that the proceedings before the city council looking to the change of grade in Broadway had not in all respects been properly complied with. The prayer of plaintiff's complaint was for damages generally caused by the depreciation in value of the abutting property and the interference with its use and the ingress from and egress into Broadway. For such depreciation in value plaintiff was awarded the sum of $750. The appeal is upon the judgment-roll.

The appeal is concerned with the consequential damages claimed to have been caused the property by the physical or actual change of the grade, and the widening of the

road to the outer edges of the sidewalk, which improvements were made in 1914. The question presented is, as stated by counsel for defendant: "Is a property owner who joins in a written petition to the city council requesting it to grade a public street abutting on his property to the official grade, entitled to demand compensation for the damages caused by such grading?" or, as stated by counsel for plaintiff: "Whether the plaintiff waived its rights, or is estopped to assert them, by signing the petition above mentioned."

Counsel for defendant says that "the problem of law involved has never been squarely decided in California," and that "defendant relies upon the doctrine of waiver rather than a strict estoppel." We have been unable to find a case in this state which can be said to be "upon all fours" with the one before us, but somewhat similar questions have been presented to and passed upon by our supreme court. The fundamental principle involved is to be found in the organic law of the state which prescribes as a paramount rule that "private property shall not be taken *or damaged* for public use, without just compensation having been first made or paid into court for the owner." (Const., art. I, sec. 14; *Reardon* v. *San Francisco*, 66 Cal. 492 [56 Am. Rep. 109, 6 Pac. 317]; *Eachus* v. *Los Angeles Ry. Co.*, 103 Cal. 614 [42 Am. St. Rep. 149, 37 Pac. 750]; *Eachus* v. *City of Los Angeles*, 130 Cal. 492 [80 Am. St. Rep. 147, 62 Pac. 829]; *Partridge* v. *City of Richmond*, 36 Cal. App. 389 [172 Pac. 166].)

The change of grade from which damage resulted was accomplished under the provisions of the Improvement Act of 1911. The act nowhere requires the filing of a petition signed by property owners to set in motion the provisions thereof relative to street grading. Under what circumstances or in what form the petition was presented, the record does not disclose. The municipality was petitioned to exercise its undoubted right to grade the street, and the petition must be taken as a request for the making of that improvement with due regard to the rights of the property owners. Assuming that the petition was the moving cause of the doing of the work, it was the duty of the municipality to proceed in accordance with the law. We fail to see how any greater effect than this could be given to the petition.

[1]    There are a number of decisions in other jurisdictions which are directly in point, and while there is a conflict of authority we are of the opinion that the better view is expressed in those cases which hold that where the right of an abutting owner to be compensated for damage to his property by a change in the grade of the street is rested upon constitutional guaranties, such waiver of a constitutional right ought not to be lightly inferred, and cannot clearly be derived from the request to grade the street. (*New Decatur* v. *Scharfenberg,* 147 Ala. 367, 371 [119 Am. St. Rep. 81, 41 South. 1025].)

In *Barker* v. *Taunton,* 119 Mass. 392, the court said: "It is no bar to the claim for damages made by the petitioner that he was one of the original petitioners for the improvements. That alone is not evidence of assent that his property shall be taken for public use without compensation." And the Pennsylvania court said in *Jones* v. *Bangor,* 144 Pa. St. 638, at p. 648 [23 Atl. 252, 253]: "We cannot assent to the proposition that a lot owner who joins in a request to the borough authorities to grade a street is estopped thereby from claiming compensation for an injury to his property by the grading." And as was said in the case of *Robinson* v. *City of Vicksburg,* 99 Miss. 439 [54 South. 858]: "Or may a waiver be implied by his signing a petition with the knowledge that in paving the street the city might find it necessary to change its grade? We think not. In our judgment such conduct ought not to operate as an estoppel. A constitutional right may not be so lightly waived. There is nothing whatever in the petition, nor in the conduct of appellant, as disclosed by the record, which evidences a purpose on his part to waive his constitutional right to claim damages to his property, caused by raising the grade of the street."

Defendant further contends that under the authority of *Butters* v. *City of Oakland,* 53 Cal. App. 294, 299 [200 Pac. 354, 356], decided by this court June 22, 1921, the plaintiff should have first brought action to enjoin the performance of the work until its damages were, in a proper proceeding, determined and paid, speciously selecting and quoting from the opinion of the supreme court in bank denying hearing, the following: " . . . the remedy of the property owners

in such a case [referring to the acts of the city in changing the grade] is not to enjoin the collection of the assessment levied to pay the cost of the work, but to enjoin the performance of the contract prior to the work having been done until damages are paid, in case the result of such work would cause damage to the abutting property.'' The remainder of the expression of the supreme court upon the subject reads: ''It constitutes no defense against the collection of the assessment. That the city is liable for damages caused to the abutting property by excavation or fills in a street in front thereof, see *Eachus* v. *Los Angeles,* 130 Cal. 492, 493 [80 Am. St. Rep. 147, 62 Pac. 829]; *Eachus* v. *Los Angeles etc. Co.,* 103 Cal. 614 [42 Am. St. Rep. 149, 37 Pac. 750]; *Reardon* v. *San Francisco,* 66 Cal. 492, 506 [56 Am. Rep. 109, 6 Pac. 317].'' While the appeal in the Butters case concerned the same property involved herein, it was directed toward certain defects in the proceedings incident to assessment, and had no reference whatever to the question presented in the instant case, which is wholly concerned with a claim for damages resulting from the grading work.

[2] A party has a right either to enjoin or to sue for damages in a case such as this, and his failure to avail himself of one of the rights has no effect upon his pursuit of the other. (*Wilcox* v. *Engebretsen,* 160 Cal. 288 [116 Pac. 750].)

[3] Counsel for defendant has said that he relies upon the doctrine of waiver rather than a strict estoppel. From this statement and the argument presented in the briefs in support thereof, we gather that it is the thought of defendant's counsel that waiver rests fundamentally upon the doctrine of estoppel; that the question as here presented rests upon the facts from which it is to be ascertained whether or not plaintiff is estopped to deny that it has waived its rights to damages. (*Knarston* v. *Manhattan Life Ins. Co.,* 140 Cal. 57 [73 Pac. 740].) The trial court upon the facts has, we think, correctly concluded that plaintiff is not barred nor estopped from claiming damages. Furthermore, an estoppel does not exist where the property owner seeks enforcement of the constitutional right to recover damages to his property, (*Sala* v. *Pasadena,* 162 Cal. 714 [124 Pac.

539] ; *Partridge* v. *City of Richmond,* 36 Cal. App. 389 [172 Pac. 166].)

The judgment is affirmed.

Richards, J., and Tyler, P. J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on June 25, 1923.

All the Justices present concurred.