**CITY OF TULSA v. COPP et al.**

No. 13766—Opinion Filed Oct. 28, 1924.

Rehearing Denied Dec. 9, 1924.

Second Rehearing Denied Feb. 3, 1925.

**1. Municipal Corporations—Public Works—Contracts—Master and Servant—Liability for Injuries from Excavation.**

Where a municipal corporation has entered into a contract with a firm of contractors for the construction of a sewer system, reserving to itself the right of inspection and direction, and also the right to require the discharge from the work of unsatisfactory employes of the contractors, the relation of the municipality and the contractor is that of master and servant, and in order to fix liability on the municipality for an injury sustained in the prosecution of the work it is necessary to establish that such injury

resulted proximately from the negligence of the contractor.

**2. Same.**

In such a case where the injury complained of results from a failure and neglect of the contractors to properly and adequately safeguard and protect the lateral support of the walls of a building adjacent to the excavation, in violation of express directions in the contract, and not from any inherent danger from the excavation itself, if properly done, the liability of the municipality depends upon the establishment of negligence on the part of the contractor.

**3. Same—Instructions—Confusing Rules of Liability—Prejudicial Error.**

In the trial of a case for negligent injury to property in the prosecution of work under a sewer construction contract, where the court correctly determined as a matter of law that the relation between the municipality and the contractors is that of master and servant, it is prejudicial error to instruct the jury that it may return a verdict in favor of the contractors and against the municipality, and it is confusing and misleading to further instruct the jury on the theory that the municipality is a joint tortfeasor with its servants, the contractors, the negligence complained of bearing relation to the manner of performance of a delegable duty. In such case the negligence of the servant and resultant injury are necessary elements to establish liability of the master.

(Syllabus by Logsdon, C.)

Commissioners' Opinion, Division No. 1.

Error from District Court, Tulsa County; W. B. Williams, Judge.

Action by William Copp against City of Tulsa and Albert C. Comstock and Isaac E. Hanson, copartners, doing business as Comstock & Hanson, for damages. Judgment for plaintiff against City of Tulsa, and said city brings error. Reversed.

Comstock & Hanson, a partnership, was engaged in the construction of a certain sewer system in sewer district No. 155 in the city of Tulsa under a contract with said city. In the construction of this system a trench for the laying of sewer pipe was excavated across lot 5, block 18, West Tulsa, from the front to the rear of said lot, parallel with the west line thereof, and about 13 inches east of said west line. On lot 6, which adjoined lot 5 on the west, the plaintiff had a two-story brick building which covered lots 6 and 7, the east wall of said building being on the line between lots 5 and 6. The trench in question was about nine feet deep, and the soil in which it was excavated was loose, sandy soil. During the

construction of said trench, according to plaintiff's petition, "defendants, their agents, servants and employes, placed certain planks and jacks in said ditch and excavation along the sides of said ditch and did attempt to brace the. walls of said ditch by placing said planks vertically along the sides of said ditch and by placing between the same jacks and obstructions, and after having so constructed said ditch did * * * remove and carry away said braces and permit the walls of said ditch to go without brace or support, and * * * did place back in such excavation loose dirt and sand taken therefrom." After this refilling of the trench the east wall of plaintiff's building, parallel therewith, settled about three inches, causing cracks in the wall, sagging of the doors and unjointing of the sills supporting the second floor of the building. Plaintiff commenced this action to recover damages for the injury caused to his building by the digging of this trench, alleging $6,750 actual damages, and asking for $5,000 as punitive damages. He alleged that he gave written notice of his claim to the proper officers of the city of Tulsa in the manner and form and within the time required by certain provisions of the charter of said city.

The city of Tulsa answered by general denial; admitted its contract with Comstock & Hanson, but denied liability on the theory that Comstock & Hanson were independent contractors; denied compliance by plaintiff with the charter provisions in the matter of notice of plaintiff's claim, and denied plaintiff's right to maintain the action against the city.

Trial was had March 10, 1922. resulting in a verdict for plaintiff against the city of Tulsa for $2 500. No finding was made as to Comstock & Hanson. The judgment of the court followed the verdict, no mention of Comstock & Hanson appearing therein. After unsuccessful motion for new trial the city of Tulsa has brought the case here for review by petition in error with case-made attached for review. William Copp will be hereafter referred to as plaintiff, the city of Tulsa as defendant, and Comstock & Hanson as the contractors.

I. J. Underwood and Harry L. S. Halley, for plaintiff in error.

Hulette F. Aby, William F. Tucker, and Frank Settle, for defendants in error.

Opinion by LOGSDON, C. Defendant's assignments of errors are very numerous, but all are comprehended by and presented under four propositions in its brief. The first proposition reads:

"The trial court erred in instructing the jury that if they found the city of Tulsa was guilty of negligence and that the defendants, Comstock & Hanson, were not guilty of negligence then the verdict should be against the city of Tulsa and in favor of the defendants, Comstock & Hanson, said instructions being numbers 7 and 8 of court's charge."

Before considering the instructions complained of it will be well to get clearly in mind the theory upon which the case was tried in the lower court. The allegation of plaintiff's petition showing the relation of the defendant and the contractors to each other, and the relation of both to the injury complained of reads:

"Plaintiff further states that on or about said day and date Comstock & Hanson, under and by the direction of the city of Tulsa, and the city engineer of the city of Tulsa, duly authorized to act for said city of Tulsa, were excavating the land and soil immediately adjoining the east wall of said building belonging to plaintiff."

Then follows a description of the acts done and omitted to be done in the work of digging the trench for the sewer pipe, the results of such work on the building of plaintiff, and the damages claimed to have been suffered.

The material portion of defendant's answer alleging its relation to the contractors, and the relation of both to the injury, reads:

"That its codefendants, Albert C. Comstock and Isaac E. Hanson. copartners, doing business as Comstock & Hanson * * * constructed said work as independent contractors, and as such independent contractors undertook, promised and agreed to construct the said sewer improvements, mentioned and described in said petition. for a certain given consideration, and this defendant specifically denies that the said codefendants, Albert C. Comstock and Isaac E. Hanson, copartners, doing business as Comstock & Hanson, * * * are now, or were at any time, the agents, servants or employees of this defendant, as alleged in plaintiff's petition."

Defendant then alleges that if plaintiff suffered any damages from the construction of said ditch such injury was caused by the independent contractors, and defendant for that reason is not liable.

Plaintiff filed a reply specifically denying this special defense, and stated:

"That the acts of the defendants, Comstock & Hanson, complained of by the plaintiff, were performed under contract with the defendant. city of Tulsa, specifying and directing the manner and place in which the same should be done and performed, and un-

der the direction and control of the said defendant, city of Tulsa."

Nowhere in the petition or reply is there any allegation of a tortious act or omission on the part of the defendant except by and through the acts or omissions of the contractors. Thus are the two theories clearly and sharply defined. Plaintiff relied upon the theory that defendant was the principal or master, and that the contractors were agents or servants. Plaintiff introduced in evidence the sewer construction contract. In its essential features it is substantially the same form of contract as those considered by this court in the following cases: Chas. T. Derr Construction Co. et al. v. Gelruth, 29 Okla. 538, 120 Pac. 253; Pressley et al. v. Incorporated Town of Sallisaw et al., 54 Okla. 747, 154 Pac. 660; City of Tulsa v. McIntosh et al., 90 Okla. 50, 215 Pac. 624. At the conclusion of all the evidence defendant in writing requested certain instructions. Its third requested instruction told the jury as a matter of law that under the contract introduced in evidence the contractors were independent contractors, and the defendant city was therefore not liable, even though there was negligence in the excavation of the ditch. This instruction was properly refused by the court under the authority of the cases above cited. The court thus determined as a matter of law, and properly so, that the contractors in this case were agents or servants of the city, and not independent contractors. The theory on which the case was tried being thus clearly and definitely established, the instructions of the court, of which complaint is made, will now be considered. Instructions 7 and 8 read as follows:

"You are further instructed, gentlemen of the jury, that if you find by a preponderance of the evidence in this case that the defendant, city of Tulsa, was guilty of negligence, and that plaintiff has failed to prove, by a preponderance of the evidence that the defendants Comstock and Hanson were guilty of any negligence which contributed in any way to the injuries to plaintiff's building, if any, then you are instructed that your verdict should be for the plaintiff and against the defendant city of Tulsa, and in favor of the defendants, Comstock and Hanson.

"You are further instructed that although you may fail to find from a preponderance of the evidence that the damage sustained, if any, was not the result of concerted action on the part of said defendants, yet if you further find from the evidence, that the independent acts of negligence of said defendants, if any combined to produce and did result in the damage complained of, if any, by plaintiff, and this although a separate and distinct act of either of the defendants alone might not have caused the injury complained of, if any, each of the said defendants would be liable to the plaintiff for the entire damages sustained, if any."

As before stated, there is no allegation anywhere in plaintiff's petition that defendant was guilty of negligence except by and through the acts or omissions of the contractors. The primary negligence charged was in failure to properly safeguard the walls of the ditch so as to prevent weakening of the lateral support of plaintiff's foundation during the work of excavation, and in thereafter removing whatever safeguards had been used and refilling the ditch with loose dirt and sand. That this primary negligence, if any existed, was that of the contractors and their employes is self-evident from the nature and character of the acts and omissions on which the charges of negligence are based. The construction contract provided that the ditch should be shored up whenever necessary. This was an express direction and instruction by the master to the servant, a neglect or disobedience of which might or might not constitute primary negligence on the part of the servant, dependent on the facts. Since the pleadings in the case presented no issue of negligence against the defendant, except by and through its servants, and since the evidence conformed to the pleadings, and since the court correctly determined as a matter of law that the relation of defendant and the contractors was that of master and servant, it follows necessarily that the court erred in paragraph 7 of its instructions in authorizing the jury to find against the defendant and in favor of the contractors. Jones on Negligence of Mun. Corp., sec. 161; Tiedman on Mun. Corp., sec. 347; Dillon on Mun. Corp. (5th Ed.) vol. 4, sec. 1655. The duty resting upon defendant in this case was not a nondelegable duty, such as it would have been had the injury resulted from an unsafe condition of its streets without intervening contributory negligence.

By paragraph 8 the court instructed the jury upon the theory that defendant and the contractors were joint tort-feasors and that either or both might be liable, depending upon the jury's findings as to whether both contributed to produce the injury complained of or whether that result was produced by one of them without the concurring act or omission of the other. As an abstract proposition of law this instruction may be conceded to be correct, but as applied to the issues raised by the pleadings and the evidence in this case it is considered to be erroneous. No defect in the plans and specifi-

cations for the work is alleged which would render the digging of the ditch intrinsically dangerous or injurious to plaintiff's property in the absence of negligence in the manner of prosecuting the work.

Plaintiff seeks to sustain the correctness of these two instructions by a line of authorities from this and other states. These authorities have been carefully examined, and they are found to be readily distinguishable from the instant case. Potter et ux. v. City of Spokane et al. (Wash.) 115 Pac. 176, was an action for damages to plaintiff's building resulting from the construction by the city of a fill on an adjoining lot. The following excerpt from the opinion shows its distinguishing feature:

"The evidence abundantly showed that the bulging out and collapse of the fill was due to a defect in the plans of the work and not to defective workmanship."

In City of Chicago v. Murdock (Ill.) 103 Am. St. Rep. 221, the contractor was required to use dynamite, thereby rendering the prosecution of the work intrinsically dangerous. The rules of liability in that character of case are entirely distinct from those applicable in the instant case.

In Westfield Gas & Milling Co. et al. v. Abernathy (Ind.) 35 N. E. 399, plaintiff alleged the excavation of a ditch two feet deep, 15 inches wide, and more than a mile in length along a travelled gravel road, and that it was left open and unguarded an unreasonable length of time, resulting in plaintiff's injury. Clearly this was a joint tort by the toll road company and its servants.

City of Tulsa v. McIntosh et al., supra, was an action for personal injury resulting from the negligent manner of storing dynamite caps. The principle of liability there was the same as in the Murdock Case, supra.

Parker v. Luse, 97 Okla. 101, 223 Pac. 122, was an action for wrongful distraint of and injury to cattle, and was clearly an action against joint tort-feasors. In the body of the opinion it is stated:

"It is well settled that in a joint action against master and servant, where the master is sought to be held liable for the act of the servant solely on the ground of respondeat superior a verdict against the master alone cannot be sustained, as, if the servant was not liable the master was not. 26 R. C. L., p. 781."

In Eachus et al. v. City of Los Angeles (Cal.) 62 Pac. 829, the damage alleged was in the establishment by the city of a street grade 28 feet lower than the surface of plaintiff's lot, which abutted thereon. There was no question of negligence in the case.

Had it been alleged and proved that the excavation of the ditch at the place designated in the plans was intrinsically dangerous to plaintiff's property, regardless of the care exercised in prosecuting the work, then a case of independent negligence on the part of the defendant would have been made, and paragraph 8 of the instructions might have been applicable. The nearest approach to such allegation in the petition is the following:

"* * * And that the said defendants, their servants, agents and employes, and each of them, did wrongfully, injuriously and carelessly excavate, carry away and remove said land and soil from within 12 inches of said wall of said building and that said 12 inches of earth between said excavation and the wall of said building was wholly insufficient to give unto the wall of said building the proper and necessary support, to which this plaintiff was entitled by law, and was insufficient to bear the weight of said building, and hold the same in the position in which it was constructed and erected."

That this language, nor any other allegation in the petition, was not intended by plaintiff to charge independent negligence on defendant's part in the location of said ditch is shown by short quotations from each of the briefs. In paragraph 4 of the instructions the court told the jury, among other things, that if it should find by a preponderance of the evidence that the injuries complained of "were caused by the negligence and carelessness of defendants in placing said ditch too near to the wall of plaintiff's building, and carelessly and negligently failing to properly protect the interior of said ditch," etc., the verdict should be for plaintiff, otherwise for the defendants.

Criticising this instruction, to which exception was duly reserved, defendant says:

"The foregoing instruction was very prejudicial to the rights of the defendant, city of Tulsa, in that it permitted the jury to return a verdict for plaintiff by finding that his damages, if any there were to said building, were caused by the negligence and carelessness of defendants in placing said ditch too near the wall of plaintiff's building."

Plaintiff, in his answer brief, promptly and expressly disclaims any such intention in this instruction, and since instructions are intended to present the issues framed by the pleadings, his disclaimer also goes to the allegations of his petition. He says:

"The plaintiff in error (defendant) apparently attempts to misconstrue this instruc-

tion by italicizing one clause, referring to the position of the ditch, and by ignoring the plain language by which the court conjunctively adds that the jury should also find that defendants carelessly and negligently failed to properly protect the interior of the ditch."

It is thus seen that plaintiff does not claim that the location of the ditch was intrinsically dangerous, and therefore negligent, but that it became dangerous by reason of the negligent manner in which the work was done. Admittedly the defendant did not do the work. In the contract it had directed its servants to shore up the ditch where necessary. If this direction was not followed, or if it was followed in a negligent and careless manner, clearly this negligence of the servants, when established, would render the master liable.

It is therefore concluded that the trial court committed prejudicial error in giving to the jury instructions numbered 7 and 8, and that this error was not cured by any other paragraph of the instructions, nor by the instructions considered as a whole. This conclusion renders it unnecessary to consider the other propositions urged for reversal of the judgment, as they will likely not arise on another trial. Because of the error of the trial court in giving instructions numbered 7 and 8 this cause should be reversed and remanded with directions to the trial court to vacate, set aside, and hold for naught the judgment heretofore rendered, and to grant a new trial of the action, future proceedings to be in conformity with the views herein expressed.

By the Court: It is so ordered.